**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ No. 030204)
Christopher J. Bendau (AZ No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com

*Counsel for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| David Tran, *on behalf of himself and all others similarly situated,* )<br><br>PLAINTIFF, )<br><br>V. )<br><br>The Grand Canyon University, )<br><br>DEFENDANT )| Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CLASS ACTION COMPLAINT

Plaintiff, David Tran ("Plaintiff"), by and through his undersigned counsel, brings this class action against Defendant, the Grand Canyon University (the "University" or "Defendant"), and allege as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action lawsuit on behalf of all persons who paid, or will pay, tuition, housing (if living on campus) and/or fees to attend the Grand Canyon University (the "University") for an in-person, hands-on education for the Spring 2020 semester, Summer 2020 semester, and any future semester, and had their course work moved to online learning. Such persons paid all or part of the tuition, housing fees, and mandatory student fees described herein (the "Mandatory Fees").

2.     The University has not refunded any amount of the tuition or Mandatory Fees, even though it ceased in-person learning since March 13, 2020. The University has also not refunded any amount of the housing fees for students who were unable to move out by March 25, 2020.

3.     Due to the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic, by mid-March, the University ceased or severally limited any of the services or facilities that tuition, housing, and Mandatory Fees were intended to cover.

4.     The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 13, 2020, is a breach of the contracts between the University and Plaintiff and the members of the Class, and is unjust.

5.     The University only provided prorated refunds to students for housing who vacated their campus housing on or before March 25, 2020. Those students who did not move out of University housing until after March 25 should also be entitled to a prorated refund.

6.      In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

7.      As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

8.      Plaintiff seeks, for himself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees proportionate to the amount of time in the semesters when the University switched to online distance learning, and in the case of housing, pro-rated portion of the housing fees proportionate to the amount of time that remained in each housing contract after each student moved out.

## PARTIES

9.      Plaintiff David Tran is a resident of Arizona  He paid to attend the Spring 2020 semester at the Grand Canyon University as a full-time undergraduate student.

10.      Plaintiff paid tuition and the Mandatory Fees for the Spring 2020 semester to enable him to obtain an in-person, on-campus educational experience, and enable him to participate in the activities and to utilize the services covered by the Mandatory Fees that he paid.

11.    He has not been provided a pro-rated refund of the tuition or Mandatory Fees even though his in-person classes were discontinued and moved online, and the University's facilities were closed or access was severally limited and events and gatherings were cancelled.

12.    Grand Canyon University is a for-profit private Christian university established in 1949.

13.    The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate program includes students from many, if not all, of the states in the country.

14.    The University's principal campus is located in Phoenix, Arizona. Defendant is a citizen of Arizona.

## JURISDICTION AND VENUE

15.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

16.    This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

17.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## <u>FACTUAL ALLEGATIONS</u>.

18.    Plaintiff and Class Members paid or will pay to attend the Grand Canyon University, including tuition, housing (if living on campus) and/or the Mandatory Fees.

19.    The Spring semester at the University began on or about January 6, 2020, and ended on or around April 22, 2020.[1] The Summer semester at the University began on or about May 4, 2020, and is scheduled to end on or about August 16, 2020.[2]

20.    Tuition costs at the University vary depending upon whether you enrolled for on-campus education, or for online ("non-traditional") education:



[3]

21.    Tuition costs at the University are as follows:

---

[1] https://www.gcu.edu/sites/default/files/media/documents/academics/academic-calendar/Academic-Calendar-2019-20.pdf
[2] https://www.gcu.edu/academics/calendar
[3] https://www.gcu.edu/tuition-and-financial-aid

| Tuition | Credits | Cost |
|---|---|---|
| Traditional Undergraduate | 1 - 11 | $687.50 per credit |
| Traditional Undergraduate | 12 - 18 (Block Tuition) | $8,250 per semester |
| Traditional Undergraduate | 19+ (Semester Rate +) | $8,250 + $687.50 per credit above 18 credits |
| Summer Traditional Undergraduate Rate (except pre-licensure nursing cohorts) | | $310 per credit |
| ABSN Programs (Tucson and Sun City) | | $850 per credit[4] |

22.     Tuition costs for the "non-traditional" online education is significantly less than the in-person tuition, and is as follows:

| Undergraduate Tuition | Cost |
|---|---|
| Education and Science Programs | $440 per credit |
| Theology Programs | $395 per credit |
| IT Programs | $470 per credit |
| Online and Professional Studies (all programs other than those listed above) | $470 per credit |
| Active Duty and Active Reserve (Online and Professional Studies) | $250 per credit |
| ABSN Pre-Requisites Courses | $425 per credit |

---

[4] https://www.gcu.edu/tuition/on-campus

| Graduate Tuition | Cost |
| --- | --- |
| Education Programs | $565 per credit |
| MDiv Programs | $365 per credit |
| IT Programs | $550 per credit |
| Business Programs | $615 per credit |
| Nursing Programs | $550 per credit |
| Advanced Practice Nursing Programs | $695 per credit |
| Online and Professional Studies<br>(all programs other than those listed above) | $550 per credit |
| Active Duty and Active Reserve<br>(Online and Professional Studies) | $400 per credit |
| Doctoral Programs<br>(includes dissertation courses 966-970) | $695 per credit |
| Doctoral Programs - Active Duty and Active Reserve<br>(Online and Professional Studies) | $617.50 per credit |
| **Continuing Education (CTE) Tuition** | **Cost** |
| Online | $150 per credit |

[5]

23.     Housing costs at the University vary depending upon which room style chosen, but range from approximately $1,925 to $3,300.[6]

24.     The Mandatory Fees charged by the University comprise of a mix of the following:

---

[5] https://www.gcu.edu/tuition/online-evening
[6] https://www.gcu.edu/tuition/housing-meal-costs

| Fee | Details | Cost |
| --- | --- | --- |
| Canyon Connect | Undergraduate courses | $105 per class |
| Registration Deposit | Non-refundable | $50 |
| Student Activity Fee | Traditional campus students excluding students accepted into Pre-Licensure nursing program | $300 per semester |
| Student Parking Fee | | $50 - $150 depending on lot |
| Housing Application Fee | Traditional undergraduate campus students and non-refundable | $250 |
| Housing Prepayment | Returning residents only and non-refundable | $200 |
| Returned Check Fee | All returned checks | $25 |
| Health Insurance | | $2,239 |
| Transcript Fee | | $8 |
| Graduation Fee | | $150 |
| Health Fee | | $80 per semester |
| Health Center Visit Fee | | $25 |
| Student Initiated** Schedule Change Fee | (Two weeks prior to semester start - Continuing students only) | $25 |
| Student Initiated** Schedule Change Fee | (After the semester start - All students) | $50 |
| Late Payment Fee | | $25 |
| Global Studies Portfolio Fee | | $90 |
| Hospitality Management Premium | | $100 per semester |
| Golf Management Premium | | $500 per semester |

| Computer Science, Computer Programming, Engineering and Information Technology Program Premiums | | $900 per semester |
|---|---|---|
| Nursing Program Premium (effective summer 2019) | Pre-Licensure nursing program | $2,000 |
| Worship Arts Premium | Includes minors | $250 per semester |
| Special Course Fees | | Refer to the University Policy Handbook[7] |

25.    Plaintiff and the members of the Class paid all or part of the applicable tuition for the benefit of on-campus live interactive instruction and an on campus educational experience throughout each semester.

26.    Members of the Class paid housing for the benefit of on-campus university housing throughout each semester.

27.    Plaintiff and the members of the Class paid the Mandatory Fees for each semester so that they could benefit from on-campus activities, events, clubs, organizations, health and wellness, recreational facilities, amongst other on-campus in-person benefits.

28.    The University has retained the value of the tuition, housing (if living on campus) and Mandatory Fees, while failing to provide the services for which they were paid.

29.    Members of the Class have demanded the return of the prorated portion of tuition, housing, and Mandatory Fees, and have taken to an online petition to demand the

---

[7] https://www.gcu.edu/tuition/other-fees

same.[8] As one alumni puts it, "[a]s an Alumni of GCU I am appalled by the way GCU has taken advantage of these students. It is shameful."[9]

30.    Despite the demand from members of the Class, the University has not provided any refund of the tuition and Mandatory Fees, and continues to retain the monies paid by Plaintiff and the Class. As to housing, the University has only provided refunds to those students who moved out by March 25, 2020.

### *In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities and Services, and Cancelled All In-Person Classes*

31.    In response to the COVID-19 pandemic, the University created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[10]

32.    On March 12, 2020, the University announced that March 13 would be the last day for in person classes, and starting after Spring Break, on March 23, all classes would resume in a remote online format only.[11]

33.    The March 12 announcement also suspended athletics, clubs, intramurals and certain events and performances. The University further advised that all students should return home and out of University housing.[12]

---

[8] https://www.change.org/p/grand-canyon-university-refund-grand-canyon-university-students-the-unfulfilled-cost-of-room-board.
[9] *Id.*
[10] https://www.gcu.edu/coronavirus-disease-2019-information
[11] https://www.gcu.edu/sites/default/files/2020-03/march12.pdf
[12] *Id.*

34.     On March 17, 2020, the University announced that it was cancelling all group gatherings of more than ten (10) people, was closing facilities such as lounges and fitness centers, and would transition to take-out only for its dining halls.[13]

35.     On March 18, 2020, the University again advised students to return home and stay out of University housing. The University made similar announcements again on March 20, and March 21, stating:

> **We are asking all students -- other than international students who can not travel to their home countries and students who have special circumstances -- to leave campus as soon as possible**.     [14]

36.     In tacit acknowledgment that services can no longer be offered as contracted for, the University stated:

> It would be difficult to provide the necessary services and protect large numbers of students living on our campus in such a scenario. As such, we find it necessary to further reduce the density of people on campus in order to keep students, faculty and staff as safe as possible as we transition to an online learning environment for our ground campus during final four weeks of the semester.     [15]

37.     On March 23, 2020, the University announced that students would receive refunds for their housing contracts only if they moved out on or prior to March 25, 2020.[16]

38.     On March 27, 2020, the University extended remote online learning through the Summer 2020 semester.[17]

---

[13] https://www.gcu.edu/sites/default/files/2020-03/march17.pdf
[14] https://www.gcu.edu/sites/default/files/media/documents/march-21.pdf
[15] *Id.*
[16] https://www.gcu.edu/sites/default/files/media/documents/gcu-spring2020-housing-credit-policy.pdf
[17] https://www.gcu.edu/sites/default/files/media/documents/march-27.pdf

39.    The University has not held any in-person classes since March 13, 2020. Classes that have continued since that time have only been offered in a remote online format with no in-person instruction or interaction.

***The University's Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University to Receive by Paying Tuition and Fees***

40.    Students attending the University did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

41.    When applying to the University, students had the opportunity to choose the University's online program at a significantly lower cost, but instead applied for, was accepted to, and paid higher rates for, the in-person education on campus:



42.    On its website, the University repeatedly refers to the education as an "On-Campus Degree Program," and markets its on-campus experience as a benefit of enrollment by stating:

---

[18] https://www.gcu.edu/admissions/requirements/undergraduate-admissions.php

## About GCU's On-Campus Degrees

Find your purpose with an on-campus degree at GCU. Join a collaborative community of students as your work together toward earning your degree. At GCU, you will experience an environment of growth, academic excellence, support, and enthusiasm. Our campus stretche 250 plus acres and is equipped with 19 housing options, a 135,000-square-foot recreational activity center, and over 25 dining options. Participate in the richness of GCU's campus life through one of our bachelor's campus degrees. To learn more about life at GCU, view our Campus Experience page.

[19]

Grand Canyon University's (GCU) main campus is truly an oasis in the heart of Phoenix. With new classroom buildings, popular dining options, sparkling swimming pools, state-of-the-art athletic facilities and so much more, the GCU campus is the perfect place to call home for the next four years. With GCU's four-credit courses and fast-track options, you can also graduate faster, allowing you to enter the workforce soon - and with less debt.

[20]

43.    The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.  During the online portion of the semesters, the University offered some classes through Zoom or through pre-recorded lectures for students to watch on their own.  Therefore, there was a significant lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development.

---

[19] https://www.gcu.edu/degree-programs/on-campus-degrees
[20] https://www.gcu.edu/why-gcu/campus-life

44.    The online formats being used by the University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

45.    Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

46.    Access to facilities such as class rooms, libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the University can charge the tuition it charges, are not being provided.

47.    The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters during the period it moved to subpar on-line distance learning.

48.    Nor has the University refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the semesters even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

49.    There are also members of the Class who were not able to move out prior to March 25, 2020, who should be entitled to a pro-rated portion of housing fees after moving out.

50.     Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the semesters after classes moved from in-person to online and facilities were closed or severally limited, and a pro-rated refund of housing for any students who were unable to move out prior to March 25, 2020.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid tuition, housing (for those living on campus), and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester, Summer 2020 semester, and any future semesters at the Grand Canyon University but had their class(es) moved to online learning (the "Class").

52.     Excluded from the Class is Defendant, its subsidiaries and affiliates, its officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

53.     Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

54.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

55.     The requirements of Rule 23(a)(1) have been met.  The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class

Case 2:20-cv-01283-MTL    Document 1    Filed 06/29/20    Page 16 of 24
members is unknown to Plaintiff, the University is reported as having more than 22,000 students enrolled for the 2019-2020 academic year. [21] The number of students enrolled in the Summer semester and any future semester is unknown to Plaintiff. The identity of all such students is known to the Defendant and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

56. The requirements of Rule 23(a)(2) have been met. There are questions of law and fact common to the members of the Class including, without limitation:

a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, housing, as well as access to certain facilities and services throughout each respective semester;

b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

c. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to issue pro rata refunds of fees paid for University housing for students who could not vacate prior to March 25, 2020;

---

[21] https://www.prnewswire.com/news-releases/another-record-year-in-store-at-grand-canyon-university-300903234.html

16

d.   Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

e.   Whether Defendant is unjustly enriched by retaining a portion of the tuition, housing, and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education, housing, and access and the services and facilities for which the Mandatory Fees were paid;

f.   Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the tuition, housing, and Mandatory Fees were intended to pay, all while retaining the tuition, housing fees, and Mandatory Fees paid by Plaintiff and the Class; and

g.   The amount of damages and other relief to be awarded to Plaintiff and the Class members.

57.   The requirements of Rule 23(a)(3) have been met.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid, housing, and access to the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

58.     The requirements of Rule 23(a)(4) have been met.  Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

59.     Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

# FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT
**(On Behalf of Plaintiff and the Class)**

60.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

61.    Plaintiff brings this claim individually and on behalf of the members of the Class.

62.    By paying the University tuition, housing, and the Mandatory Fees for each semester, the University agreed to, among other things, provide an in-person and on-campus live education, housing, as well as access to the services and facilities to which the Mandatory Fees they paid pertained throughout each semester.  As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

63.    The University has failed to provide this contracted for in-person and on-campus live education, University housing, as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters, yet has retained monies paid by Plaintiff and the Class for a live in-person education, housing, and access to these services and facilities during the semesters.  Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

64.    Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the remainder of the semesters when classes were moved online and the University ceased access to certain services and

facilities, as well as housing fees for those Class members who moved out after March 25, 2020.

65.     The University should return such portions to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

66.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

67.     Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief.

68.     Plaintiff and members of the Class conferred a benefit on the University in the form of tuition, housing, and Mandatory Fees paid for the semesters. The payment of the tuition, housing, and Mandatory Fees were to be in exchange for an in-person and on-campus live educational experience, housing, and for services and facilities to which the Mandatory Fees pertained throughout the semesters.

69.     The University has retained the full benefit of the tuition and Mandatory Fees payments by Plaintiff and the members of the Class for the semesters, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and full access to the University's services and facilities.  In addition, the University has

retained the full benefit of the housing fees paid by those Class members who were unable to move out prior to March 25, 2020.

70.    The University's retention of the portion of the tuition and Mandatory Fees during the period of time the University moved to a remote online education program and closed or limited access to services and facilities, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.  Similarly, the University's retention of the portion of the value of housing fees for students who moved out after March 25, 2020, is also unjust and inequitable.

71.    Accordingly, the University should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and the Class members each paid during the semesters after it switched to online remote learning and ceased activities and access to facilities, as well as any housing fees for students who were unable to move out prior to March 25, 2020.

**THIRD CLAIM FOR RELIEF**

**CONVERSION**
**(On Behalf of Plaintiff and the Class)**

72.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

73.    Plaintiff brings this claim individually and on behalf of the members of the Class.

74.    Plaintiff and members of the Class have a right to the services, facilities, housing, and face to face instruction that was supposed to be provided in exchange for their payments of tuition, housing, and Mandatory Fees to the University.

75.    The University intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition, housing, and Mandatory Fees paid by Plaintiff and the Class.

76.    Class members demanded the pro-rata return of their tuition, housing, and Mandatory Fees for the period of time in the semesters when the University switched to remote online learning and stopped providing the services for which the Mandatory Fees were intended to pay.

77.    The University's retention of the tuition, housing, and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid.

78.    The University's interference with the services for which Plaintiff and the Class paid harmed Plaintiff and the Class in that the University has retained monies that rightfully belong to the Plaintiff and Class.

79.    Plaintiff and the Class are entitled to the return of the remaining pro-rated amounts of tuition and Mandatory Fees for the remainder of the semesters after it switched to online remote learning and ceased activities and access to facilities. Similarly, members

of the Class are entitled to the pro-rated amount of housing after they moved out after March 25, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a)  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff' attorneys as Class Counsel to represent the Class;

(b)  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)  For compensatory damages in an amount to be determined by the trier of fact;

(d)  For an order of restitution and all other forms of equitable monetary relief;

(e)  Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f)  Awarding pre- and post-judgment interest on any amounts awarded; and,

(g)  Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Dated: June 29, 2020                    Respectfully submitted,


                                        /s/ *Clifford P. Bendau, II*

                                        **BENDAU & BENDAU PLLC**
                                        Clifford P. Bendau, II (AZ No. 030204)
                                        Christopher J. Bendau (AZ No. 032981)
                                        P.O. Box 97066
                                        Phoenix, Arizona 85060
                                        Telephone AZ: (480) 382-5176
                                        Fax: (480) 304-3805
                                        Email: cliffordbendau@bendaulaw.com
                                               chris@bendaulaw.com

                                        /s/ *James L. Simon*

                                        **THE LAW OFFICES OF SIMON & SIMON**
                                        James L. Simon (*Pro Hac Vice Forthcoming*)
                                        5000 Rockside Road, Suite 520
                                        Independence, OH 44131
                                        Telephone: (216) 525-8890
                                        Facsimile: (216) 642-5814
                                        Email: james@bswages.com


                                        s/ *Gary F. Lynch*
                                        Gary F. Lynch (*Pro Hac Vice Forthcoming*)
                                        Edward W. Ciolko (*Pro Hac Vice Forthcoming*)

                                        **CARLSON LYNCH LLP**
                                        1133 Penn Avenue
                                        5th Floor
                                        Pittsburgh, PA 15222
                                        P (412) 322-9243
                                        F. (412) 231-0246
                                        E. glynch@carlsonlynch.com
                                           eciolko@carlsonlynch.com


                                        *Counsel for Plaintiff and Proposed Class*